UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Crim. No. 6:09-CR-00061-GFVT-HAI-3 |
| V. | ) ) ) | |
| RONNIE DUANE GRAY, | ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 208.] Defendant Ronnie Duane Gray has been charged with two violations of his terms of supervised release. *Id.* at 2.

In August 2010 Judge Thapar, as a district court judge, entered judgment against Mr. Gray for conspiracy to distribute oxycodone. [R. 139.] Mr. Gray was sentenced to fifty-seven months of imprisonment followed by a six-year term of supervised release. *Id.* at 2-3. Mr. Gray was released from Bureau of Prisons (BOP) custody and begin his first term of supervised release in March 2014. [R. 158.] In January 2015 Judge Thapar signed a Report on Offender Under Supervision (12A) approving no Court action following Mr. Gray's use of oxycodone while on supervision. Later, Mr. Gray's supervised release was revoked in April 2015 due to another instance of illegal use of oxycodone. [R. 172.] At that time, Mr. Gray was sentenced to nine months of imprisonment followed by ten years of supervised release. *Id.* The Court also added the condition that Mr. Gray participate in inpatient substance abuse treatment. *Id.* Mr. Gray completed the nine months of imprisonment and was again released from BOP custody in

December 2015.

On May 8, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) charging Mr. Gray with two violations. According to the Report, Probation Officer Scott Greiwe requested a urine sample from Mr. Gray for drug testing. Prior to submitting the sample, Mr. Gray admitted to smoking methamphetamine on or around April 30, 2019 and signed a Positive Urinalysis Admission Report. Based on the foregoing, the Report charges two violations. Violation 1 is a violation of the condition requiring Mr. Gray to refrain from unlawful use of a controlled substance. This is a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). Violation 2 is a violation of the condition prohibiting Mr. Gray from committing another federal, state, or local crime. The Sixth Circuit has held drug use is equivalent to possession. Therefore, due to Mr. Gray's prior conviction and the Sixth Circuit's holding, "simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844 (a), a Class E Felony." This is a Grade B violation.

On May 30, 2019 Mr. Gray appeared before Magistrate Judge Ingram for his initial appearance pursuant to Rule 32.1. [R. 206.] Mr. Gray knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States made an oral motion for detention, and Mr. Gray did not argue for release. *Id.* Judge Ingram determined that detention was required. *Id.* On June 4, 2019, Judge Ingram held a final revocation hearing wherein Mr. Gray knowingly, voluntarily, and intelligently stipulated to the violations alleged in the report. [R. 207.] Mr. Gray spoke at his final hearing and explained his ongoing relationship and health concerns to the Court. Mr. Gray has lately experienced difficulties in his relationship with his fiancé, which he is working to reconcile, and has been suffering from pain caused by a hernia. Subsequently, Judge Ingram prepared a recommended disposition. [R. 208.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Mr. Gray was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Mr. Gray's admitted conduct qualifies as a Grade C violation with respect to the first violation, and a Grade B violation with respect to the second violation. [R. 208 at 5.] With his criminal history of III and a Grade B[1] violation, Mr. Gray's range under the Revocation Table is 8–14 months. *See* U.S.S.G. § 7B1.1(b). At the final hearing, the parties' sentencing recommendations varied only slightly. The United States argued for revocation with a penalty of twelve months imprisonment followed by a year of supervision. [R. 208 at 4.] Mr. Gray argued for a sentence of twelve months and a day of defense to be followed by a year of supervision.

Noting that revocation was mandatory, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. First, Judge Ingram considered the underlying offense. Mr. Gray's underlying offense is a conviction for conspiracy to distribute oxycodone which is a significant crime. *Id.* Through his present use of methamphetamine, Mr. Gray continues to associate with individuals who traffic in unlawful drugs. *Id.* at 6. Judge Ingram also considered the characteristics and history of the defendant. In so doing, Judge Ingram considered Mr. Gray's education, history of addiction, and the escalation in drug use from prescription medications to methamphetamine. *Id.* at 7. Judge Ingram also noted Mr. Gray's success while on supervision; prior to these revocation proceedings, Mr. Gray succeeded for more than three years on supervision. *Id.*

Next, Judge Ingram considered the need to deter criminal conduct and protect the public. Judge Ingram found that an additional term of supervision would provide "guardrails" for Mr.

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

Gray to prevent him from committing more serious criminal conduct. Finally, Judge Ingram considered Mr. Gray's need for education, training, or treatment, if any, and determined that Mr. Gray should participate in substance-abuse treatment. *Id.*

Judge Ingram correctly noted that the primary wrong in the supervised release context is the violation of the Court's trust by the defendant. [R. 208 at 8.] Judge Ingram observed that Mr. Gray had been shown leniency in the past. For example, Mr. Gray originally received a below-guideline sentence, and he received leniency in the form of the 12A and a lower-end sentence following his first revocation. Finally, Judge Ingram considered whether an additional term of supervised release should be imposed. He hoped that an additional period on supervision would help Mr. Gray establish good habits and resources for when he is no longer on paper.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Gray has filed a waiver of allocation. [R. 209.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 203**] as to Defendant Ronnie Duane Gray is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Gray is found **GUILTY** of all violations;

3. Mr. Gray's Supervised Release is **REVOKED;**

4. Mr. Gray is hereby sentenced to a term of incarceration of **twelve (12) months and one day** with an additional **one (1) year** of supervised release to follow under the conditions of Mr. Gray's prior revocation judgment [R. 172];

5. Due to Mr. Gray's ongoing medical issues, the undersigned **RECOMMENDS** to the BOP that the defendant be placed at **FMC Lexington**, if such placement is appropriate in the BOP's estimation; and

6. Judgment shall enter promptly.

This the 8th day of July, 2019.

Gregory F. Van Tatenhove
United States District Judge